## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**J.W.,**
**Petitioner Below, Petitioner**

**vs.)**     **No. 22-0330** (Ohio County 21-C-169 & 22-C-47)

**Shawn Straughn, Superintendent,**
**Northern Regional Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner J.W.[1] appeals two orders of the Circuit Court of Ohio County, entered on April 7, 2022, and April 8, 2022, denying his third and fourth petitions for a writ of habeas corpus.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On October 28, 2011, petitioner was sentenced in the Circuit Court of Ohio County to an aggregate term of incarceration of 215 to 705 years and fifty years of supervised release upon his conviction of four counts of first-degree sexual assault, five counts of first-degree sexual abuse, and nine counts of sexual abuse by a person in a position of trust to a child. Thereafter, petitioner filed a direct appeal of his convictions with this Court. In *State v.* [*J. W.*], No. 11-1643, 2013 WL 1632091 (W. Va. April 16, 2013) (memorandum decision) ("*J.W. I*"), this Court affirmed petitioner's convictions. *Id.* at *1.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. W. Va. R. App. P. 40(e)(1). *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner is self-represented. Respondent Shawn Straughn, Superintendent, Northern Regional Correctional Center appears by Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday.

On July 17, 2013, petitioner filed his first petition for a writ of habeas corpus in the circuit court, asserting twenty-three grounds for relief.[3] The circuit court appointed habeas counsel to file an amended habeas petition on petitioner's behalf and set an omnibus habeas corpus hearing for October 31, 2013. Subsequently, the circuit court continued the October 31, 2013, omnibus hearing and held a status hearing on January 10, 2014. Petitioner was not present at the status hearing. However, habeas counsel stated that he had met with petitioner to review the *Losh* checklist and that petitioner insisted on raising all of the grounds set forth in his original petition.[4] Habeas counsel further stated that given the size of the record, he needed "additional time . . . to review the balance of the [trial] transcripts." Accordingly, the circuit court gave habeas counsel additional time and directed that an amended petition be filed on or before April 1, 2014. No amended petition was filed,[5] and the circuit court denied petitioner's original habeas petition by order entered on May 21, 2015.

---

[3]Petitioner's twenty-three grounds for habeas relief were: (1) erroneous admission of evidence under Rule 404(b) of the West Virginia Rules of Evidence; (2) trial counsel's failure to file a motion to quash the indictment; (3) trial counsel's failure to subpoena and call defense witnesses; (4) trial counsel's failure to investigate petitioner's case; (5) trial counsel's failure to challenge "carbon copy" counts of the indictment on double jeopardy grounds; (6) trial counsel's failure to give proper advice as to whether to accept a plea offer; (7) trial counsel's failure to challenge the lack of a preliminary hearing; (8) trial counsel's failure to file a motion for a change of venue due to prejudicial media coverage; (9) trial counsel's failure to strike unqualified jurors; (10) trial counsel's failure to protect petitioner's right not to incriminate himself; (11) trial counsel's failure to request that the investigating officer be sequestered; (12) the State's failure to timely produce exculpatory evidence in the form of original statements by the victims; (13) prejudicial delay in prosecuting petitioner; (14) failure by an adult witness to immediately report the alleged crimes to the police; (15) unconstitutionally disproportionate sentence; (16) misconduct in obtaining a superseding indictment; (17) knowing use of perjured testimony; (18) prejudicial statements during closing arguments; (19) erroneous denial of petitioner's motion to set aside the verdict; (20) erroneous denial of petitioner's motion to suppress evidence; (21) appellate counsel's failure to raise all available issues in petitioner's appeal in *J.W. I*; (22) use of improper techniques during interview of the complaining witnesses; and (23) cumulative error denying petitioner of a fair trial.

[4]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See id.* at 768-70, 277 S.E.2d at 611-12.

[5]Rather than filing an amended habeas petition, habeas counsel filed a document with the circuit court titled a "Certificate of No Merit" informing the court that he could not "ethically, and within the applicable rules, argue any of the issues asserted in the pending [h]abeas [c]orpus [p]etition" and that "there exists no other viable grounds for [h]abeas [c]orpus relief by virtue of an [a]mended [p]etition for [h]abeas [c]orpus as a [h]abeas [c]orpus action would have no merit."

On appeal, in [*J.W.*] *v. Ballard*, 238 W. Va. 730, 798 S.E.2d 856 (2017) ("*J.W. II*"),[6] this Court found that the circuit court failed to make adequate findings of fact and conclusions of law justifying its denial of relief on the grounds asserted in the habeas petition. *Id.* at 733, 798 S.E.2d at 859. Accordingly, this Court reversed the May 21, 2015, order and remanded petitioner's case to the circuit court with directions to make specific findings of fact and conclusions of law to support its ruling. *Id.* at 736, 798 S.E.2d at 862. On remand, the circuit court entered an order on August 24, 2017, denying petitioner's habeas petition and making comprehensive findings of fact and conclusions of law showing that each of petitioner's twenty-three grounds for relief was without merit. Petitioner did not immediately appeal the second denial of his habeas petition, but on September 25, 2017, filed a motion for relief from the August 24, 2017, order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. The circuit court denied petitioner's motion by order entered on December 27, 2017.

On January 4, 2018, petitioner appealed the denial of his first habeas petition a second time. In [*J.W.*] *v. Ames*, No. 18-0003, 2019 WL 2499329 (W. Va. June 17, 2019) (memorandum decision) ("*J.W. III*"), petitioner appealed both the circuit court's August 24, 2017, denial of his habeas petition and its December 27, 2017, denial of his Rule 60(b) motion. However, this Court declined to review the August 24, 2017, denial of the habeas petition, finding that it was not timely appealed. *Id.* at *2. The Court affirmed the denial of petitioner's Rule 60(b) motion. *Id.* at *4.

On July 24, 2019, petitioner filed his second habeas petition in the circuit court, reasserting his grounds for relief from his first petition. Petitioner further alleged that habeas counsel failed to provide effective assistance in the first habeas proceeding. The circuit court, by order entered on April 14, 2020, denied the second habeas petition. Petitioner appealed the April 14, 2020, order on May 5, 2020.

While the appeal of the denial of his second habeas petition was pending, petitioner discovered, based upon his review of a transcript, that Judge Michael J. Olejasz, who entered the April 14, 2020, order being appealed, attended a hearing in petitioner's criminal case as an assistant prosecutor. Accordingly, on February 8, 2021, petitioner filed a motion for Judge Olejasz's disqualification. Pursuant to West Virginia Trial Court Rule 17.01(b)(2), Judge Olejasz transmitted the disqualification motion to this Court's Chief Justice for a ruling. In his letter to the Chief Justice, Judge Olejasz stated that he did not recall his minimal involvement in petitioner's criminal case because he assisted another assistant prosecutor for one hearing only. The Chief Justice, by administrative order entered on March 11, 2021, disqualified Judge Olejasz from presiding over petitioner's second habeas proceeding.

Five days later, this Court affirmed Judge Olejasz's April 14, 2020, order denying petitioner's second habeas petition in [*J.W.*] *v. Ames*, No. 20-0540, 2021 WL 982758 (W. Va. Mar.

---

[6]In [*J.W.*] *v. Ballard*, 238 W.Va. 730, 798 S.E.2d 856 (2017) ("*J.W. II*"), petitioner filed his appeal as a self-represented litigant. However, "[b]y order entered on September 14, 2016, we scheduled this case for oral argument; ordered the Public Defender Services Appellate Division to provide counsel for . . . petitioner; and directed the parties to re-brief the matter with any necessary supplemental appendix." *Id.* at 732 n.4, 798 S.E.2d at 858 n.4.

16, 2021) (memorandum decision) ("*J.W. IV*"). While not expressly addressing Judge Olejasz's disqualification, this Court in *J.W. IV* found that the critical findings for affirming the second habeas petition were not found in the April 14, 2020, order, but in the August 24, 2017, order entered by Judge James P. Mazzone following the remand from *J.W. II*. *See J.W. IV*, 2021 WL 982758, at *3-4. In *J.W. IV*, we found that the comprehensive findings in the August 24, 2017, order showed that all of petitioner's claims had been adjudicated and/or waived, and therefore, (1) no habeas hearing was required in the first habeas proceeding, and (2) the doctrine of res judicata was triggered by the first habeas proceeding to bar successive petitions outside of the narrow exceptions permitted by that doctrine. *Id.* at *3. While ineffective assistance of habeas counsel is one of the grounds that can be raised in a successive petition, we further found in *J.W. IV* that the findings in the August 24, 2017, order showed that the outcome of the first habeas proceeding would have been the same regardless of *any* deficiency of habeas counsel. *Id.* at *4. Thus, we affirmed the denial of petitioner's second habeas petition. *Id.* Following this Court's decision in *J.W. IV*, petitioner filed a petition for rehearing, but, in that petition, he did not raise the issue of Judge Olejasz's disqualification. This Court, by order entered on September 21, 2021, refused the petition for rehearing, and the decision in *J.W. IV* subsequently became final with the issuance of the mandate. *See* W. Va. Rul. App. P. 26(a).

Petitioner filed his third habeas petition in 2021 and his fourth habeas petition in 2022. With each petition, petitioner filed a motion for a habeas hearing, a motion for appointment of habeas counsel, and a motion asking the circuit court to certify to this Court certain questions that petitioner asserted needed to be answered regarding his prior habeas proceedings.[7] The circuit court, by separate orders entered on April 7, 2022, and April 8, 2022, denied the third and fourth habeas petitions, finding that petitioner previously "exhausted his grounds for habeas corpus relief" based upon the denial of the first habeas petition. In the April 8, 2022, order, the circuit court further found that all of petitioner's issues were "fully addressed or waived in prior [p]etitions[.]"[8]

Petitioner now appeals the circuit court's denials of his third and fourth habeas petitions. This Court reviews a circuit court order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> . . . .

---

[7]In his third habeas proceeding, petitioner did not file his motion to certify questions to this Court until after the circuit court entered its April 7, 2022, order denying that petition.

[8]The circuit court's April 7, 2022, and April 8, 2022, orders were entered by Judge David J. Sims.

4

"'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Because we have before us the denials of petitioner's third and fourth habeas petitions, we note that, once the doctrine of res judicata is triggered, a habeas petitioner my not raise "[any] matters [previously] raised and . . . [any] matters known or which with reasonable diligence could have been known[.]" Syl. Pt. 4, in part, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981). Pursuant to Syllabus Point 4 of *Losh*, one of the narrow exceptions to the doctrine of res judicata is ineffective assistance of habeas counsel. 166 W. Va. at 762-63, 277 S.E.2d at 608.

On appeal, petitioner argues that he is entitled to a habeas hearing and the appointment of counsel on his claims of ineffective assistance of trial and habeas counsel. However, the circuit court rejected petitioner's claims of ineffective assistance of trial counsel in the August 24, 2017, order that we found petitioner failed to timely appeal in *J.W. III*. 2019 WL 2499329, at *2. We rejected the ineffective assistance of habeas counsel claim in *J.W. IV* because the findings in the August 24, 2017, order showed that the outcome of the first habeas proceeding would have been the same regardless of *any* deficiency of habeas counsel. 2021 WL 982758, at *4.

Knowing the rulings from *J.W. III* and *J.W. IV*, petitioner attacks the fundamental fairness of those proceedings. Respondent counters that petitioner improperly attempts "to appeal prior decisions of the circuit court that this Court has already affirmed." We agree with respondent. In *J.W. III*, we affirmed the denial of petitioner's Rule 60(b) motion and rejected his argument that the circuit court failed to comply with our directive from in *J.W. II* that it set forth specific findings of fact and conclusions of law to support its denial of the first habeas petition. 2019 WL 2499329, at *3. Then, due to the comprehensive findings set forth in the August 24, 2017, order, we determined in *J.W. IV* that the first habeas proceeding constituted an omnibus habeas proceeding which triggered the doctrine of res judicata. 2021 WL 982758, at *3.

While petitioner subsequently filed a petition for rehearing in *J.W. IV*, which was refused, he did not argue in the rehearing petition that the April 14, 2020, order denying the second habeas petition was entered by Judge Olejasz, who was later disqualified. Even if that omission did not constitute a waiver of the issue of Judge Olejasz's disqualification, we have found that West Virginia Trial Court Rule 17.01, regarding motions for disqualification for judges, is subject to a harmless error analysis. *Shenandoah Sales & Serv., Inc. v. Assessor of Jefferson Cnty.*, 228 W. Va. 762, 773, 724 S.E.2d 733, 744 (2012). As petitioner concedes, he did not file his disqualification motion until February 8, 2021, after the entry of the April 14, 2020, order by Judge Olejasz. Furthermore, Judge Olejasz did not recollect his minimal involvement in petitioner's criminal case until the filing of the disqualification motion activated his memory of the matter. Due to our determination in *J.W. IV*, that the ineffective assistance of habeas counsel claim could be denied

5

based upon the findings in the August 24, 2017, order, entered by a different circuit court judge, we conclude that any error in the entry of the April 14, 2020, order by Judge Olejasz, which denied the second habeas petition, was harmless.

Finally, petitioner challenges the adequacy of the findings in the circuit court's April 7, 2022, and April 8, 2022, orders denying his third and fourth habeas petitions. In Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997), we held that "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined."[9] We explained in *Watson* that a circuit court must include its reasoning for denying habeas relief in its order for "this Court [to] exercise . . . meaningful review." *Id.* at 204-05, 488 S.E.2d at 479-80. We find that we have no difficulty in exercising meaningful review in this case due to the circuit court's correct findings that petitioner previously "exhausted his grounds for habeas corpus relief" and that all of his issues were "fully addressed or waived in prior [p]etitions[.]" Therefore, we conclude that the circuit court's findings were adequate and that it did not abuse its discretion in denying the third and fourth habeas petitions.

For the foregoing reasons, we affirm the circuit court's April 7, 2022, and April 8, 2022, orders denying petitioner's third and fourth petitions for a writ of habeas corpus.

Affirmed.

**ISSUED:** May 16, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[9]West Virginia Code § 53-4A-7(c) provides, in pertinent part:

When the court [in a post-conviction habeas corpus proceeding] determines to deny or grant relief . . ., the court shall enter an appropriate order . . . . In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.